**KANSAS CITY POWER & LIGHT CO. v. NATIONAL LABOR RELATIONS BOARD (ASSOCIATION OF EMPLOYEES OF THE KANSAS CITY POWER & LIGHT CO., Intervener).**

**No. 445.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 9, 1942.

546

determined more certainly and justly upon evidence (with opportunity for cross-examination) than upon exparte affidavits. Therefore, a special master will be appointed to take and return to this Court such evidence with his recommendations.

Irvin Fane and Ludwick Graves, both of Kansas City, Mo. (Albert E. Meder, of Detroit, Mich., Johnson, Lucas, Graves & Fane, of Kansas City, Mo., and Beaumont, Smith & Harris, of Detroit, Mich., on the brief), for Kansas City Power & Light Co. and others.

Gerhard P. Van Arkel and Marion A. Prowell, both of Washington, D.C., Attys., National Labor Relations Board (Robert B. Watts, Gen. Counsel, National Labor Relations Board, Malcolm F. Halliday, Asst. Gen. Counsel, National Labor Relations Board, and Maurice J. Nicoson, all of Washington, D. C., Atty., National Labor Relations Board, on the brief), for National Labor Relations Board.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

PER CURIAM.

This is a contempt proceeding based upon alleged violation of an order of this Court enforcing certain provisions of an order of the National Labor Relations Board. Respondents are the Kansas City Power and Light Company, Chester C. Smith (its president) and A. E. Bettis (its vice-president). Separate answers to the show cause order have been filed by the various respondents. Both the petition and the answers are supported by affidavits. Respondents have filed a joint motion to vacate the rule or, alternatively, to strike the petition and supporting affidavits as insufficient. Petitioner has filed a motion to strike certain designated parts of the answer of respondent company.

The motion to strike portions of the above answer will be denied. With some hesitation, the above joint motion to vacate or dismiss is denied. Consideration of the character of the main issue of fact and of the fact situation in this proceeding impresses us as being such as can be